UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0223(3) (PJS/JSM) |
| | Case No. 10-CV-4874 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| JUAN MANUEL ESTRADA, | |
| Defendant. | |

This matter is before the Court on defendant Juan Manuel Estrada's motion for leave to file an out-of-time appeal of the Court's denial of his 28 U.S.C. § 2255 motion. The Court does not have authority to grant the leave sought by Estrada, and thus his motion is denied.

On September 28, 2011, the Court denied Estrada's § 2255 motion and entered judgment that same day. *See* ECF Nos. 179, 180. Estrada filed an untimely notice of appeal on January 30, 2012. *See* ECF No. 181. The United States Court of Appeals for the Eighth Circuit dismissed his appeal for lack of jurisdiction on March 16, 2012 and issued its mandate on May 8, 2012. *See* ECF Nos. 187, 191. Estrada then filed his current motion for leave to file an out-of-time appeal.

A district court may not extend the time to file a notice of appeal except as authorized by Fed. R. App. P. 4. *See* Fed. R. App. P. 26(b)(1). Under Fed. R. App. P. 4(a)(5), a district court may extend the time to file a notice of appeal if, among other things, a party moves for such an extension no later than 30 days after the expiration of the time prescribed for filing a notice of appeal. Under Fed. R. App. P. 4(a)(1)(B) and 4(c), Estrada had 60 days from the date of judgment to mail a notice of appeal to the Court. Because the 60th day after judgment fell on

Sunday, November 27, 2011, Estrada had until Monday, November 28, 2011, to mail his notice of appeal. *See* Fed. R. App. P. 26(a)(1)(C). Rule 4(a)(5) required Estrada to move for an extension of the time to appeal within 30 days of that deadline, which means that Estrada was required to deposit his motion in the mail no later than December 28, 2011. According to Estrada, though, he mailed his current motion on May 9, 2012. *See* ECF No. 192-2. Therefore Estrada's motion is untimely under Rule 4(a)(5).

Estrada fares no better under Fed. R. App. P. 4(a)(6). Under that provision, a district court may reopen the time to file an appeal, but only if (1) the moving party did not receive Fed. R. Civ. P. 77(d) notice of the order or judgment to be appealed within 21 days after the entry of the order or judgment and (2) the moving party's motion is filed within 180 days after the judgment or order is entered or within 14 days after receiving Fed. R. Civ. P. 77(d) notice, whichever is earlier.

Estrada satisfies neither of these conditions. During his § 2255 proceeding, he was represented by attorney Bruce Williams. Attached to Estrada's current motion is a copy of a September 29, 2011 letter from Williams to Estrada enclosing a copy of the Court's September 28, 2011 order. This letter demonstrates both that Estrada's attorney (and thus Estrada) received Fed. R. Civ. P. 77(d) notice from the Court — and that Estrada received personal notice from his attorney — well within 21 days after entry of the judgment. *See also* Fed. R. Civ. P. 5(b) (service must be made on a represented party's attorney and electronic service is permitted).

Even if Estrada had received no notice at all, however, his motion would be untimely. The absolute last day for Estrada to seek to reopen the time for appeal was March 26, 2012,

which is 180 days after September 28, 2011.  As noted above, however, Estrada filed a certificate of service indicating that he mailed his current motion on May 9, 2012.  Estrada is thus not entitled to relief under Fed. R. App. P. 4(a)(6).

Finally, the Court notes that, even if it could construe Estrada's earlier January 30, 2012 notice of appeal as a motion to either extend or reopen the time to appeal — a doubtful proposition, as the Eighth Circuit has already dismissed the appeal triggered by that notice — the "motion" was not timely under Fed. R. App. P. 4(a)(5), and it would not cure Estrada's failure to meet the untimely-notice requirement of Fed. R. App. P. 4(a)(6)(A).  Estrada's motion is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for leave to file an out-of-time appeal [ECF No. 192] is DENIED.

Dated:  June  4 , 2012                                s/Patrick J. Schiltz
                                                                  Patrick J. Schiltz
                                                                  United States District Judge